UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| The United States of America,<br><br>        Plaintiff,<br><br>versus<br><br>Richard Duane Davis, *et al.*,<br><br>        Defendants. | Criminal H-06-360 |

## Opinion on Altered Jurats

1. *Introduction.*

A taxpayer added a few words to the jurat of his individual income tax return. After having been convicted of having filed them fraudulently, he has moved for acquittal. He says that his change in the jurat negated the effect of its commitment that the returns were under the penalty of perjury. Because he used words that did not abjure the jurat's meaning, he will not be acquitted.

2. *Background.*

For almost fifteen years starting in 1991, Richard Duane Davis prepared the tax returns of Madison Lee Oden – an executive of a large car dealership in Houston. To reduce tax liability for Oden, Davis included him as a partner in businesses related to skydiving. Davis "allocated" losses to Oden from 1998 through 2002. These losses had no relation to a business operation. Some of the business were operating, but the deductions were simply created.

Oden claimed losses from these firms among other imaginary deductions, evading at least a million dollars in taxes.

Davis was convicted of three counts of assisting Oden to file false tax returns, and Oden was convicted of three counts of having filed false tax returns. Both defendants were acquitted of conspiracy to impede the internal revenue service. The conspiracy charge duplicated the substantive counts; the impediment to the Service was the false returns.

3.  *Altered Jurats.*

To be convicted of having filed a false return, the taxpayer must have signed a return with a jurat – a written affirmation under the penalty of perjury that the information in the return is truthful. 26 U.S.C. § 7206(1). Without a signed jurat, the Service cannot process the return; without that commitment, it is simply not a complete return. *See id.* at § 6065.

On these returns, Oden had added the words "without prejudice" above the jurat and signature line. Because of these additional words, Oden says he voided the rigor of the jurat. He says that he should be acquitted because the Service should not have processed the returns without a proper jurat. He says that they were legally not returns. *See* Rev. Rul. 2005-18, 2005-14 I.R.B. 817.

If the taxpayer had struck the jurat or had written "void," the Service says that it would treat these alterations as having invalidated the returns. Those two abnegate the oath.

The Service also says that if a taxpayer had written "I deny that I owe tax" on the top of the return, it would not process the return. In this, the Service has erred. A political outburst at the top – or elsewhere – does not alter a sentence near his signature. This is parallel to the Service's petulant and official reaction to curses and insults written on the forms. The Service's responsibility is to collect taxes. It has no duty to police taste, politics, civility, or its own dignity. Neither administrative nor judicial priggishness should erode the constitutional imperative.

The Service violates the taxpayer's free expression when it treats every misguided, smart-aleck, or political denigration of its function as an alteration of a term of the return. The return is the data and a signed jurat. Obviously, writing that obscures the factual entries or changes the labels defeats the purpose of the return.

As an indication of the Service's peculiar reaction to taxpayer impudence, it has the examiners refer those returns with obscenities to its fraud section.

When Oden added "without prejudice," he did not negate the jurat. Although that phrase has some utility in the law of negotiable instruments, it is empty in this context. After Oden admitted that he had no idea what the words meant, he cannot plausibly argue that they had any effect much less the particular one of negating the jurat. Oden's central theme has been that he just did what Davis told him, but even now Oden knows of no function for the phrase as he used it.

No one has suggested a rational explication of those two simple English words written near a commitment that the data are submitted under the penalty of perjury – not in tax law, accounting, or politics.

4.  *Conclusion.*

Oden's addition of "without prejudice" had no effect. Those words did not alter the apparent commitment in the jurat. Davis too imagines that he accomplished something by that phrase's presence. He did not. As a self-asserted expert in the preparation of tax returns, he has not suggested a meaning other than that no one can know exactly what is in all of the Service's rules, regulations, rulings, polices, and statutes. What he says about knowledge may well be true, but the commitment is about the data supplied by the taxpayer, including where he put it on the form. No new trial will be granted.

Signed on December 14, 2008, at Houston, Texas.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Lynn N. Hughes   USDJ
　　　　　　　　　　　　　　　　United States District Judge